# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:25-CV-_____

CELTIC OCEAN INTERNATIONAL, LLC,

    Plaintiff,

v.

THE NORTHPORT FOOD COMPANY, LLC

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Celtic Ocean International, LLC ("Celtic Ocean"), for its Complaint against Defendant The Northport Food Company, LLC ("Northport"), alleges on its own knowledge and on information and belief as follows:

## I. NATURE OF THE CASE

1. Founded in 1976, Celtic Ocean's CELTIC SEA SALT® brand has grown into a worldwide brand recommended for both unique taste and unique health benefits. Founder Jacques Delangre, PhD originated the natural salt industry in America with the creation of the CELTIC SEA SALT® brand.

2. Mr. Delangre dreamt of providing education on the superior health benefits of natural sea salt through the delivery of his products. Today, the Delangre family carries on the distinguished tradition he founded with inimitable passion and pride.

3. Celtic Ocean guarantees that only the highest quality ingredients will be used to deliver the most pure and simple version available.

4. In connection with its business, Celtic Ocean owns the federally registered CELTIC SEA SALT® trademark.

5. Defendant Northport is using Celtic Ocean's CELTIC SEA SALT® trademark without permission, consent or authorization; including, but not limited to, using the confusingly similar mark CELTIC SALT to promote and sell salt products in the marketplace. This unauthorized use of the CELTIC SEA SALT® trademark is not only unlawful but also damaging to Celtic Ocean's brand's reputation and consumer trust. Such use has caused, is causing, and will continue to cause, confusion in the minds of consumers as to the source of the products.

## II.  PARTIES

6. Plaintiff Celtic Ocean International, LLC is a Delaware limited liability company with its principal place of business at 4 Celtic Dr., Arden, North Carolina 28704.

7. Upon information and belief, Defendant The Northport Food Company, LLC is a Delaware company with its principal place of business at 81 Scudder Avenue, Northport, New York 11768.

## III.  JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper under 15 U.S.C. § 1121, and 28 U.S.C. § 1331, 1338, and 1367.

2. Venue is proper within this Judicial District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## IV.  FACTUAL BACKGROUND

3. Celtic Ocean is the owner of the CELTIC SEA SALT® trademark. Celtic Ocean has enjoyed unparalleled success as a leading importer and distributor of unprocessed whole salt products, which are marketed under the CELTIC SEA SALT® brand.

4. Celtic Ocean has continuously and exclusively used its CELTIC SEA SALT® mark in connection with its unprocessed whole salt products since at least as early as 1986.

5. The term "CELTIC" is the dominant portion of the CELTIC SEA SALT® trademark.

6. Celtic Ocean's CELTIC SEA SALT® brand is an important factor used by the public in identifying the source of Celtic Ocean's goods and is distinctive of those goods.

7. On June 29, 1999, Celtic Ocean successfully registered its word mark for CELTIC SEA SALT® in connection with salt. *See* **Exhibit 1**.

8. CELTIC SEA SALT® registration was duly and legally issued and is valid and subsisting. Registration No. 2,257,230 is incontestable pursuant to 15 U.S.C. § 1065. *See* **Exhibit 2**.

9. As a result of widespread advertising and promotion by Celtic Ocean, the mark CELTIC SEA SALT® has acquired a high degree of recognition and distinctiveness as a symbol of the quality of products offered by Celtic Ocean.

10. Northport has been aware of Celtic Ocean's use of the mark CELTIC SEA SALT® in connection with unprocessed whole salt products since at least as early as 2025.

11. In early 2025, Celtic Ocean became aware of Northport's use of the mark CELTIC SALT, a confusingly similar mark to the CELTIC SEA SALT® mark, to promote and sell its Fleur de Sel Hand-Harvested Celtic Salt product.



**Exhibit 3** is a true and correct copy of Northport's website from March 14, 2025 (https://northportfoods.com/celtic-salt/).

12. Northport is using the mark "CELTIC SALT" prominently on its packaging as a trademarked source identifier.

13. Celtic Ocean's exclusive rights in and to the CELTIC SEA SALT® brand were well established before Northport began using "CELTIC SALT" on its packaging.

14. On February 11, 2025, Celtic Ocean sent Defendant a cease and desist letter, which, among other things, expressly identified Celtic Ocean's CELTIC SEA SALT® trademark and Northport's unauthorized use of Celtic Ocean's trademark.

15. By letter dated February 26, 2025, Defendant Northport refused to comply with Celtic Ocean's demand that Northport cease using the mark "CELTIC SALT" to promote its products.

16. Defendant Northport's adoption of the term "CELTIC" in close proximity to the term "SALT" is an intentional and unauthorized use of the CELTIC SEA SALT® mark and is intended to trade off of the success and goodwill established by Celtic Ocean in its CELTIC SEA SALT® brand.

17. Defendant Northport's unauthorized use of the CELTIC SEA SALT® mark in the manner described above:

   a. is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendant Northport's products, or as to some affiliation, connection, or association of Northport with Celtic Ocean;

   b. enables Defendant Northport to trade on and receive the benefit of goodwill that Celtic Ocean has built up at great labor and expense over

many years, and to gain acceptance for Defendant Northport's products not solely on its own merits, but on the reputation and goodwill of Celtic Ocean, its mark, and its products;

c. unjustly enriches Defendant Northport; and

d. unlawfully removes from Celtic Ocean the ability to control the nature and quality of products provided under the CELTIC SEA SALT® mark and places the goodwill and valuable reputation of Celtic Ocean in the hands of Defendant Northport, over whom Celtic Ocean has no control.

18. Celtic Ocean has been damaged and continues to be damaged by Defendant Northport's unauthorized use of the CELTIC SEA SALT® mark in the manner described above.

19. Unless these acts of Defendant Northport are restrained by this Court, Defendant Northport will continue to cause irreparable injury to Celtic Ocean and to the public for which there is no adequate remedy at law.

## V. CLAIMS FOR RELIEF

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT
(Lanham Act § 32, 15 U.S.C. § 1114(1))

20. Celtic Ocean hereby incorporates and restates all allegations set forth above as if set forth herein.

21. CELTIC SEA SALT® is a valid, protectable trademark.

22. Defendant Northport's use of CELTIC SALT in connection with goods directly competitive to those of Celtic Ocean is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's

products are affiliated, connected, or associated with Celtic Ocean or have the sponsorship, endorsement, or approval of Celtic Ocean.

23. The acts of Defendant Northport complained of herein constitute use in commerce of Celtic Ocean's federally registered trademark in connection with the sale, offering for sale, distribution and advertising of goods and services and are in violation of 15 U.S.C. § 1114(1).

24. As a result of the knowing and willful conduct of Defendant Northport, Celtic Ocean has suffered and continues to suffer actual and proximate damages in an amount to be proven at trial.

25. As a result of the knowing and willful conduct of Defendant Northport, Celtic Ocean has sustained, and will continue to sustain, substantial and irreparable harm that cannot be fully compensated for or quantified in money damages, entitling Celtic Ocean to injunctive relief.

26. Defendant Northport's conduct is causing and is likely to cause substantial injury to the public and to Celtic Ocean. Celtic Ocean is entitled to injunctive relief, and to recover Defendant's profits, and Celtic Ocean's actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**COUNT II – FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND TRADEMARK INFRINGEMENT**
**(Lanham Act § 43, 15 U.S.C. § 1125(a))**

27. Celtic Ocean hereby incorporates and restates all allegations set forth above as if set forth herein.

28. The unauthorized use of the CELTIC SEA SALT® mark by Defendant Northport, in connection with advertising and marketing its product, falsely suggests that Defendant is connected to, sponsored by, or affiliated with, Celtic Ocean.

29. Defendant Northport's use of the CELTIC SEA SALT® mark has caused, and is likely to continue to cause confusion, mistake, or deception as to the affiliation with Celtic Ocean and its products.

30. Defendant Northport's unauthorized use of the CELTIC SEA SALT® mark in connection with its products occurred in commerce and allows Defendant to receive the benefit of Celtic Ocean's goodwill, which Celtic Ocean has established at great labor and expense, and further allows Defendant to expand its business and sales, based not on its own qualities, but on the reputation and goodwill of Celtic Ocean.

31. The acts of Defendant Northport complained of herein constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant Northport's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Celtic Ocean's rights in its marks and with intent to trade off Celtic Ocean's vast goodwill in its mark.

33. Defendant Northport's conduct is causing and is likely to cause substantial injury to the public and to Celtic Ocean. Celtic Ocean is entitled to injunctive relief, and to recover Defendant's profits, and Celtic Ocean's actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III – UNFAIR AND DECEPTIVE BUSINESS PRACTICES
### (N.C. GEN. STAT. § 75-1.1)

34. Celtic Ocean hereby incorporates and restates all allegations set forth above as if set forth herein.

35. Defendant Northport's conduct alleged herein is in commerce and affects commerce in the State of North Carolina and has a tendency to deceive and mislead.

36. Defendant Northport's conduct as described above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1.1.

37. As a result of Defendant Northport's unfair methods of competition and unfair and deceptive trade practices, Northport has been unjustly enriched and Celtic Ocean has suffered and will continue to suffer substantial losses, including but not limited to damages to its business, to its reputation, and to the good will that Celtic Ocean has established in its CELTIC SEA SALT® mark.

38. As a direct and proximate result of the foregoing, Defendant Northport is liable to Celtic Ocean for unfair competition and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. The total amount of damages that Celtic Ocean has sustained or will sustain, and the total amount by which Northport has been or will be unjustly enriched, will be proved at trial.

39. Such damages should be trebled pursuant to N.C. Gen. Stat. § 75-16.

40. Defendant Northport's unfair methods of competition, and unfair and deceptive trade practices, also have caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Celtic Ocean's business unless such activity by Northport is enjoined.

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

41. Celtic Ocean hereby incorporates and restates all allegations set forth above as if set forth herein.

42. Defendant Northport's intentional use of marks that are confusingly similar to Celtic Ocean's CELTIC SEA SALT® mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Northport's products and falsely and deceptively represents Northport's products as being sponsored by, authorized by, or provided by Celtic Ocean, and constitutes trademark infringement and unfair competition in violation of the common law of the State of North Carolina.

43. Defendant Northport's acts result in Northport's unjust enrichment.

44. Defendant Northport's acts greatly and irreparably damage Celtic Ocean and will continue to damage Celtic Ocean until enjoined by this court. Celtic Ocean is without adequate remedy at law.

45. Defendant Northport's acts as alleged herein were willful or wanton in nature, demonstrating a willful disregard for Celtic Ocean's rights. Such willful and wanton conduct is related to the injuries Celtic Ocean has suffered, justifying an award of punitive damages pursuant to N.C. Gen. Stat. § 1D-15(a)(3).

## VI.  DEMAND FOR JURY TRIAL

46. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury of all issues triable of right to a jury and raised by the pleadings in this action.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Celtic Ocean respectfully requests this Court to enter judgment in its favor and against Defendant on all claims for relief asserted in this Complaint, and in addition, for the following relief:

1. That Defendant, its agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

   a. Using any mark or name that incorporates the term "CELTIC" or any other copy, reproduction, or colorable imitation or simulation of Celtic Ocean's CELTIC SEA SALT® mark in connection with Defendant Northport's goods or services, including, but not limited to, use of the mark on products, websites, advertisements, labels, and marketing materials;

   b. Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or its products and/or services, are connected with, sponsored by, or approved by Celtic Ocean;

   c. Passing off, palming off, or assisting in passing off or palming off, Northport's products or services as those of Celtic Ocean, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; or

   d. Otherwise engaging in any acts of unfair competition against Celtic Ocean in any manner whatsoever.

2. That an accounting be directed to determine Defendant Northport's profits resulting from its activities and that such profits be paid over to Celtic Ocean and increased as the Court finds to be just under the circumstances of this case.

3. That judgment be entered in favor of Celtic Ocean for all damages sustained on account of Defendant Northport's unfair competition and trademark infringement.

4. That, in view of Defendant Northport's willful and deliberate infringement and copying of Celtic Ocean's mark, the award of damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117(a) and N.C. Gen. Stat. § 75-16.

5. That Celtic Ocean be awarded punitive damages in view of Defendant Northport's intentional misconduct and/or conscious disregard for Celtic Ocean's rights.

6. That Defendant Northport be required to pay to Celtic Ocean the costs of this action.

7. That Defendant Northport be required to pay Celtic Ocean its reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

8. That Defendant Northport be ordered to deliver up for destruction all bags, boxes, labels, tags, signs, packages, receptacles, advertising, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant Northport that are found to adopt or infringe Celtic Ocean's trademark or that otherwise unfairly compete with Celtic Ocean and its products and services.

9. That Defendant Northport, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Celtic Ocean, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

10. That Celtic Ocean have such other relief as the Court may deem just.

Respectfully submitted by:

Date: 25 March 2025.

s/Russell M. Racine
Russell M. Racine

NC Bar No.: 33593
Charles Raphun
NC Bar No.: 19244
Cranfill Sumner LLP
2907 Providence Rd., Ste. 200
Charlotte, NC  28211
(704) 940-3418 – Tel.
(704) 831-5501 – Fax
rracine@cshlaw.com
craphun@cshlaw.com

Kathleen S. Ryan
The Ollila Law Group, LLC
2569 Park Lane, Ste. 202
Lafayette, CO  80026

Christopher L. Limpus
Limpus + Limpus LLC
7723 Arlington Drive
Boulder, CO  80303

*Attorneys for Plaintiff*